UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

| | |
|---|---|
| Filing Date: _____ | Docket No.: **15-14348** |
| Debtor: _____ | Co-Debtor: **CAROLE CARDOZA** |
| SS#: _____ | SS#: **XXX-XX-7702** |
| Address: _____ | Address: _____ |

Debtor's Counsel: **James P. Bardsley, Esq.**
Address: **Law Office of Bardsley & Gray**
**One Welby Road**
**New Bedford, MA 02745-1134**
Telephone No.: **(508) 985-0054**
Facsimile No.: **(508) 985-0056**

### NOTICE TO ALL CREDITORS:

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF THE CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIM.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

## SECOND AMENDED CHAPTER 13 PLAN, PRE-CONFIRMATION

CASE NO. **15-14348**

DEBTORS:  (H) _____    SS #: _____
          (W) **CAROLE CARDOZA**         SS #: **XXX-XX-7702**

TERM OF THE PLAN:    **60**    MONTHS

### EFFECTIVE DATE: MAY 1, 2016

**TOTAL PLAN PAYMENT:** Debtor(s) to pay monthly:    **$1,173**

## I. SECURED CLAIMS:

**A. Claims to be Paid Through the Plan (Including Arrears):**

**(1) Arrears to be Paid Through the Plan**

Plan payments as follows:

| Mortgagee/ Lienor | Description of Claim | Amount of Arrears |
|---|---|---|
| Nationstar Mortgage | 1st mortgage lien - 1 E. Quarry Road | $54,940 |
| | | |
| | **Total Arrears to be Paid:** | **$54,940** |

**(2) Claims Subject to Modification/Cramdown to be Paid Through Plan**

The claims listed below are hereby bifurcated pursuant to 11 U.S.C. §§ 506(a) and 1322(b)(2). Any claim amount in excess of the value of the collateral securing it is placed into Class IV.

| Mortgagee/ Lienor | Claim Amount | Collateral Value | Interest Rate | Amortiz. Period | Monthly P & I Pay't |
|---|---|---|---|---|---|
| America's Srv. Co. | $75,000.00 | $0.00 | 0.00% | 60 | $0.00 |

N.B.  If the Amortization Period set forth above for any of the mortgages or liens requires a final "balloon payment", such payment shall be made in the manner set forth below:

☐ Refinancing
☐ Sale
☐ Other: _____

| Mortgagee/ Lienor | End Term Payment | Projected Loan-to-Value Ratio at Plan Conclusion |
|---|---|---|
| America's Srv. Co. | | |

**Total of Payments of Modified Secured Claims:**    **$0**

**Total Amount of All Class I Secured Claims to be Paid Through the Plan:**

**B. Secured Claims to be Paid Directly to Creditors (Not through Plan):**

Each secured claim listed below shall be paid in full, outside the plan,

in accordance with the original terms of the contract underlying such claim.

| Mortgagee/ Lien Creditor | Description of Secured Claim |
|---|---|
| Nationstar | Mortgage - 1 E. Quarry Road |
| Sovereign Bank | Mortgage - Pitman St |

## II. PRIORITY UNSECURED CLAIMS:

Claims entitled to priority under 11 U.S.C. §§ 507 and 1322(a)(2)

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| IRS | personal tax arrears | $2,919 |

**Total Amount of Class II Priority Claims to Be Paid Thorugh the Plan:**

## III. ADMINISTRATIVE CLAIMS:

**A. Total Amount of Attorneys Fees (to be Paid Through the Plan):** $4,000
(to be paid during first 12 months of plan)

**B. Other Administrative Claims:**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| none | | |

**C. Chapter 13 Trustee's Commission**

The Chapter 13 Trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

Total Monthly Payment to Administrative Claim Holders:

## IV. CLAIMS OF UNSECURED CREDITORS

**A. Treatment of Dischargeable Claims**

General unsecured creditors shall receive a dividend of  1.00%  of their claims

**(1) General Non-Priority Unsecured Claims**
Total Amount of General Unsecured Claims:  $15,263

**(2) Unsecured Deficiency Claims from Class III**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| America's Srv. Co. | Unsecured Deficiency Claim | $75,000 |

Total Amount of Unsecured Deficiency Claims from Class III:  $75,000

**(3) Undersecured Claims Arising after Lien Avoidance**

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |

| | | Total Amount of Unsecured Avoided Lien Claims from Class V(B): | $0 |

**(4) Undersecured Claims Arising after Surrender of Collateral**

| Creditor | Property to be Surrendered | Deficiency Claim Amount |
|---|---|---|
| | | |

| | Total Amount of Surrendered Property Claims from Class V(C): | $0 |

**SUM OF ALL NON-PRIORITY UNSECURED CLAIMS:** $90,263
**TOTAL DIVIDEND TO BE PAID TO ALL CLASS IV(A) CREDITORS:**

### B. Treatment of Separately Classified Non-Dischargeable Claims under 11 U.S.C. § 1328(a)

The claims of creditors that are not subject to being discharged pursuant to 11 U.S.C. § 1328(a) shall be treated as follows:

**(1) Claims to be Paid Directly to Creditors (Not Through Plan)**
The following claims shall be paid outside the Plan according to the contractual terms of the clai

| Creditor | Description of Claim | Claim Amount |
|---|---|---|
| | | |

**(2) Arrears to be Paid Through the Plan**
The following claims include an arrears that will be paid through the Plan
The Debtor(s) will continue to make their regular post-petition payments outside the Plan

| Creditor | Description of Claim | Claim Amount | Amount of Arrears |
|---|---|---|---|
| | | | |

| | | Total Arrears to be Paid: | $0 |

**TOTAL CLASS IV(B) CLAIMS TO BE PAID THROUGH THE PLAN:**

### V. OTHER PLAN PROVISIONS:

**A. Real Estate or Other Assets to be Liquidated:**       (attach additional informatic

**B. Lien Avoidance:**   The liens of the following creditors are hereby avoided pursuant to and by operation of 11 U.S.C. § 522(f).

| Lien Creditor | Nature of Lien | Amount of Lien | Nature of Property |
|---|---|---|---|
| | | | |

**C. Collateral to be Surrendered:**   The following property shall be surrendered secured creditor listed below pursuant to 11 U.S.C. § 1325(a)(5)(C). Any deficiency shall be treated as an unsecured claim under Class IV(D).

| Secured Creditor | Property to be Surrendered | Amount of Claim | Value of Property |
|---|---|---|---|
| | | | |

**D. Executory Contracts/Unexpired Leases:** The Debtor hereby takes the following with respect to the contracts and leases set forth below pursuant to 11 U.S. §§ 365 and 1322(b)(7):

| Name of Contracting Party | Nature of Contract | Assume or Reject | Arrears |
|---|---|---|---|
| | | | |
| | | | |

**Total Amount to Needed to Cure Default in Lease/Executory Contract:**

Name of Party to Whom Assumed Contract or Lease will be Assigned:

**E. Other Chapter 13 Plan Provisions:**

The property of the estate shall, 11 U.S.C. 1322(b)(9), vest in the Debtor(s) upon discharge of this plan or at a later time unless otherwise provided below.

The following additional provisions, pursuant to 11 U.S.C. § 1322(b)(10), are hereby included in this Chapter 13 Plan. To the extent that any provision set forth below conflicts with a prior provision, the following language will control:

## VI. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a. | Class I Secured Claims (Class I(A) Total): | $54,940 |
| b. | Class II Priority Claims (Class II Total): | $2,919 |
| c. | Class III Administrative Claims (Classes III(A) and (B) Only): | $4,000 |
| d. | Class IV(A) Unsecured Claim Total Dividend: | $903 |
| e. | Class IV(B) Unsecured Non-Dischargeable Arrears Claims: | $0 |
| f. | Class V(D) Executory Contract/Lease Arrears Claims: | $0 |
| g. | Sum of All Claims to be paid through Plan: | $62,762 |
| h. | Trustee's Commission: | $6,974 |
| i. | Total Cost of Plan: | **$69,735** |
| j. | Amount paid into Plan: | $4,040 |
| k. | Remaining cost of Plan: | $65,695 |
| l. | Remaining term of Plan: **56** Months | |
| m. | Monthly Payment to Chapter 13 Trustee: | **$1,173** |

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court Orders otherwise, a Debtor shall commence making payments proposed by a plan within thirty (30) days after a Plan is filed.

### STATEMENT OF CAUSE

To assure the feasability of Debtor's Chapter 13 Plan, an extension of the term Plan beyond thirty-six (36) months is necessary.

## LIQUIDATION ANALYSIS

**I. Real Estate (located at):**

| Address | Collateral Value | Liens | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 1 E. Quarry Road | $227,750 | $300,000 | $0 | $0 |
|  |  | $75,000 |  |  |
| B. 2. E. Quarry Road | $99,000 | $0 | $500,000 | $0 |
| C. 173 Pitman Street | $82,502 | $94,000 | $0 | $0 |

Net Value of Equity:

Basis of Exemption: Homestead Exemption
(if homestead exemption, date of recordation: 4/12/2010
Value of Real Estate determined by reference to: on-line appraisals & BPOs

**II. Automobile (describe year, make and model):**

| | Value | Liens | Exemption | Avail. Ch. 7 |
|---|---|---|---|---|
| A. 2007 Volkswagen EOS | $4,375.00 | $0.00 | $4,375.00 | $0 |
| B. 1995 Mercedes Benz | $2,500.00 | $0.00 | $2,500.00 | $0 |
| C. | | | | |
| D. | | | | |

Net Value of Equity:

Basis of Exemption: MGLA c.235 sec. 34 (16)
Value of Automobiles determined by: NADA Guides

**III. Household Goods and Wearing Apparel:**

| | Value | Exemption |
|---|---|---|
| | $2,750.00 | $2,750.00 |

Net Value of Equity:

Basis of Exemption: MGLA c. 235 sec. 34 (1) & (2)
Value of Household Goods determined by: Debtor's Estimate

**IV. Other Assets**

| | Value | Amount of Exemption | Avail. Ch. 7 |
|---|---|---|---|
| A. Bank accounts | $1,200 | $1,200 | $0 |
| B. Wellness Resource Center' Assets | $1,500 | $1,000 | $500 |
| C. Pet dogs | $0 | $0 | $0 |
| D. Wedding band | $100 | $100 | $0 |
| E. | | | |

Net Value of Equity:

Basis of Exemption: MGLA c. 246 sec. 28(a), c. 235 sec. 34 (17), c. 235 sec. 34 (18)
Value of Items determined by: Debtor's Estimate

**Total Liquidation Value of Bankruptcy Estate:**

Based upon these exemptions, unsecured creditors would receive a dividend of:

Additional Comments regarding Liquidation Analysis:

---

Pursuant to the Chapter 13 Rules, the debtor or his or her counsel is required to serve a copy this Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service with the court accordingly.

| | |
|---|---|
| /s/ James P Bardsley | 5/10/2016 |
| James P. Bardsley, Esq., Debtor's Counsel | Date |

Law Office of Bardsley & Gray
One Welby Road, Executive Suite
New Bedford, MA 02745
(508) 985-0054

**I/WE DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREG( REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF MY/OUR KNOWLEDGE AND BELIEF.**

| | |
|---|---|
| /s/ CAROLE DONAHUE-CARDOZA | 5/10/2016 |
| Debtor | Date |
| *Carole J Cardoza* (signature) | 5/10/2016 |
| Co-Debtor | Date |